J-S24035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWIN COLON-RODRIGUEZ | |
| Appellant | No. 1475 MDA 2015 |

Appeal from the Judgment of Sentence July 27, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004468-2014;
CP-06-CR-0004472-2014; CP-06-CR-0004473-2014;
CP-06-CR-0004477-2014; CP-06-CR-0004478-2014

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JUNE 13, 2016**

Appellant, Edwin Colon-Rodriguez, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his open guilty plea to six counts of delivery of a controlled substance and two counts of conspiracy.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. Appellant sold drugs to an undercover police officer on July 17, 2013, December 12, 2013, December 19, 2013, January 22, 2014, and February 4, 2014.  Police arrested Appellant for the five drug transactions, and the Commonwealth charged him with various drug-related crimes at five

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903(a)(1), respectively.

separate dockets. Specifically, the Commonwealth charged Appellant with the following offenses: at docket # CP-06-CR-0004478-2014, delivery of a controlled substance, possession with intent to deliver a controlled substance ("PWID"), and possession of a controlled substance, in connection with the July 17, 2013 drug transaction; at docket # CP-06-CR-0004468-2014, delivery of a controlled substance, PWID, and possession of a controlled substance, in connection with the December 12, 2013 drug transaction; at docket # CP-06-CR-0004472-2014, one count each of delivery of a controlled substance, PWID, and possession of a controlled substance, and three counts of conspiracy, in connection with the December 19, 2013 drug transaction; at docket # CP-06-CR-0004477-2014, two counts each of delivery of a controlled substance, PWID, and possession of a controlled substance, and six counts of conspiracy, in connection with the January 22, 2014 drug transaction; and at docket # CP-06-CR-0004473-2014, delivery of a controlled substance, PWID, and possession of a controlled substance, in connection with the February 4, 2014 drug transaction.

On July 27, 2015, Appellant entered an open guilty plea to six counts of delivery of a controlled substance and two counts of conspiracy, in exchange for the Commonwealth's request that the court dismiss the remaining charges against Appellant. With the benefit of a pre-sentence ("PSI") report, the court immediately sentenced Appellant to an aggregate term of eight (8) to twenty (20) years' imprisonment. The court imposed

some of the sentences for Appellant's convictions consecutively. At Appellant's sentencing hearing, trial counsel objected to the court's use of Appellant's prior PWID conviction to increase his prior record score because the prior PWID conviction also subjected Appellant to a discretionary sentencing enhancement under 35 P.S. § 780-115(a). The court overruled trial counsel's objection. The court, however, did not invoke the discretionary sentencing enhancement and used Appellant's prior PWID conviction only in the calculation of Appellant's prior record score. The sentence imposed was substantially less than the statutory maximum without consideration of the discretionary sentencing enhancement.

On July 28, 2015, Appellant filed a post-sentence motion in which he complained the court improperly double counted his prior PWID conviction when it imposed his sentence. The court denied the motion on July 29, 2015. On August 19, 2015, trial counsel filed a petition to withdraw, which the court granted on August 20, 2015. When the court granted trial counsel's petition to withdraw, the court appointed new counsel to represent Appellant on direct appeal. Appellate counsel timely filed a notice of appeal on August 27, 2015. On September 4, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on September 24, 2015. On December 21, 2015, appellate counsel filed a petition for leave to withdraw and **Anders** brief with this Court.

As a preliminary matter, counsel seeks to withdraw her representation pursuant to **Anders v. California,** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago,** 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *    *    *

---

[2] **Commonwealth v. McClendon,** 495 Pa. 467, 434 A.2d 1185 (1981).

Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360.  Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition to withdraw.  The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous.  Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention.  (**See** Letter to Appellant, dated 12/21/16, attached to Petition for Leave to Withdraw as Counsel.)  In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case.  Counsel's argument refers to relevant law that might arguably support Appellant's issues.  Counsel further states the reasons for her conclusion that the appeal is wholly frivolous.  Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:

WHETHER THE SENTENCING COURT ABUSED ITS DISCRETION WHEN IT IMPOSED AN EXCESSIVE SENTENCE THAT IMPROPERLY DOUBLE COUNTED A PRIOR CONVICTION UNDER 35 [P.S.] § 780-113(A)(30), WHERE:

FIRST, THE SENTENCING COURT ERRONEOUSLY UTILIZED [APPELLANT'S] PRIOR CONVICTION UNDER 35 [P.S.] § 780-113(A)(30) TO INCREASE HIS PRIOR RECORD SCORE TO FIVE (5), WITHOUT THAT INCLUSION, [APPELLANT'S] PRIOR RECORD SCORE WOULD BE A THREE (3) PURSUANT TO THE SENTENCING GUIDELINES.

SECOND, THE SENTENCING COURT UTILIZED [APPELLANT'S] PRIOR CONVICTION UNDER 35 [P.S.] § 780-113(A)(30) TO IMPOSE A SENTENCING ENHANCEMENT UNDER 35 P.S. § 780-115(A) THAT INCREASED THE MAXIMUM PENALTY, CONSIDERING THE PRIOR CONVICTION AS AN ELEMENT OF THE CURRENT OFFENSES.

(**Anders** Brief at 12).

Appellant argues the court improperly double counted his prior PWID conviction under 35 P.S. § 780-113(a)(30), when it imposed Appellant's sentence. Appellant asserts the court first used his prior PWID conviction to increase his prior record score to five, which increased the sentencing guideline ranges for Appellant's convictions. Appellant also avers the court used his prior PWID conviction to impose a discretionary sentencing enhancement under 35 P.S. § 780-115(a), which doubled the statutory maximum sentence for each of Appellant's delivery of a controlled substance convictions. Appellant further complains the court considered Appellant's prior PWID conviction again when it chose to impose some of Appellant's

sentences consecutively. Appellant concludes the court's erroneous consideration of his prior PWID conviction multiple times at sentencing made his sentence excessive, and we should vacate and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence.[3] *See Commonwealth v. Lutes,* 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra,* 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[3] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his...sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado,* 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

*Commonwealth v. Evans,* 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006).  Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.  *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code.  *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f).  "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases."  *Commonwealth v. Phillips,* 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003).  A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913. A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. **Mouzon, supra** at 430, 812 A.2d at 624. Importantly, a claim that the court double-counted a defendant's prior record raises a substantial question. **Commonwealth v. Goggins**, 748 A.2d 721, 732 (Pa.Super. 2000) (*en banc*), *appeal denied*, 563 Pa. 672, 759 A.2d 920 (2000). Additionally:

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

**Commonwealth v. Austin**. 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (internal citations and quotation marks omitted).

Here, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion and Rule 2119(f) statement; and his claim that the court double counted his prior PWID conviction appears to raise a substantial question as to the discretionary aspect of his

sentence. *See Goggins, supra*.

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475

(2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. *Id.* "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Commonwealth v. Griffin,*** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). As a general rule, "a sentencing court may not 'double count' factors already taken into account in the sentencing guidelines." ***Goggins, supra*** at 732. Nevertheless, "courts are permitted to use prior conviction history and other factors included in the guidelines if, they are used to supplement other extraneous sentencing information." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa.Super. 2006).

Instantly, the record belies Appellant's contentions. At sentencing, the court determined Appellant's prior record score was five based partially on Appellant's prior PWID conviction. The court then proceeded to sentence Appellant to an aggregate term of eight (8) to twenty (20) years' imprisonment. Significantly, Appellant's sentence at each count was within the recommended sentencing guidelines and well below the statutory maximum penalty without consideration of the discretionary sentencing enhancement under 35 P.S. § 780-115(a). Thus, the record demonstrates the court considered Appellant's prior PWID conviction once to calculate

Appellant's prior record score.

Additionally, there is no merit to Appellant's claim that the court improperly considered Appellant's prior PWID conviction when the court imposed some of Appellant's sentences consecutively. The court had the benefit of a PSI report at sentencing. Therefore, we can presume it considered the relevant factors when it sentenced Appellant. *See Tirado, supra* at 368 (holding where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). The court also stated on the record that it considered the information in the PSI report, the fact that Appellant pled guilty, the sentencing guidelines, Appellant's prior record, Appellant's statement at sentencing, and trial counsel's statement at sentencing, when it imposed Appellant's sentences. The court further indicated it imposed some of Appellant's sentences consecutively to hold Appellant accountable for his actions and to provide Appellant access to the drug and alcohol treatment programs in prison. Thus, the court relied on many factors other than Appellant's prior PWID conviction when it imposed some of Appellant's sentences consecutively.

Therefore, the court did not erroneously consider Appellant's prior PWID conviction multiple times at sentencing, and Appellant's claim that the court double counted his prior PWID conviction merits no relief. *See Shugars, supra*. Accordingly, we affirm the judgment of sentence and

grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw granted.

Judge Musmanno joins this memorandum.

Judge Bowes files a concurring statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2016